RECEIVED

DEC 0 5 2005

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
MONROE LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| MARY OWENS | CIVIL ACTION NO. 05-615 |
| VERSUS | JUDGE ROBERT G. JAMES |
| ALBERTSONS, INC., ET AL | MAG. JUDGE JAMES D. KIRK |

RULING

Plaintiff Mary Owens ("Owens") brings this suit against her former employer, Albertsons, Inc. ("Albertsons"), alleging employment discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* ("ADEA"), and the Louisiana Age Discrimination in Employment Act, La. Rev. Stat. 23:311, *et seq.* ("LADEA").[1]

Pending before the Court is a Partial Motion for Summary Judgment ("Motion for Summary Judgment") [Doc. No. 15] filed by Albertsons. Owens has filed a Memorandum in Opposition to the Partial Motion for Summary Judgment [Doc. No. 17]. For the following reasons, Albertsons' Partial Motion for Summary Judgment is hereby DENIED.

I.  FACTS AND PROCEDURAL HISTORY

Albertsons is a grocery store located in Monroe, Louisiana. Owens was employed with Albertsons as a meat department clerk from June 14, 1999, until March 4, 2004. Owens claims that she was terminated from her employment because of her age.

---

[1] The Court notes that Owens also alleges Albertsons created a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(d), *et seq.*, and unlawful discharge in violation of the Louisiana Workers' Compensation Act, La. Rev. Stat. 23:1021, *et seq.* However, those claims are not at issue in this Ruling.

1

On August 31, 2004, Owens claims she delivered via certified mail a formal charge of discrimination to the Equal Employment Opportunity Commission ("EEOC"). Owens has provided a copy of a return receipt that she received on September 3, 2004 evidencing EEOC's receipt of her charge. Because Owens had not been contacted by the EEOC concerning the status of her claim, Owens again wrote to the EEOC on February 8, 2005. Owens received a return receipt on February 11, 2005. To date, Owens claims that she has not received a response from the EEOC, and the EEOC has not issued a right to sue notice.

On March 4, 2005, Owens filed suit in the Fourth Judicial District Court for the Parish of Ouachita, alleging employment discrimination. Albertsons removed the action to this Court on April 8, 2005, based on federal question and diversity jurisdiction.

On September 30, 2005, Albertsons filed this Partial Motion for Summary Judgment. Albertsons argues that Owens has not satisfied the administrative prerequisites to pursuing her claim in federal court because she did not file a charge of discrimination with the EEOC. On October 18, 2005, Owens filed a memorandum in opposition to Albertsons' motion.

With full briefing by all parties completed, the Court is now prepared to rule on the Partial Motion for Summary Judgment.

## II. LAW AND ANALYSIS

### A. Motions for Summary Judgment

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.

2

R. Civ. P. 56(c). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record that highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.* The moving party cannot satisfy its initial burden simply by setting forth conclusory statements that the nonmoving party has no evidence to prove its case. *Ashe v. Corley*, 992 F.2d 540, 543 (5th Cir. 1993).

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

### B. Gender Discrimination

Albertsons seeks to dismiss Owens' claim of gender discrimination. Although Owens' memorandum in opposition states that she is not asserting a claim of gender discrimination, in Owens' original complaint to this Court, she claims that she was subjected to gender discrimination. It is unclear to the Court whether Owens is abandoning her claim of gender discrimination. Therefore, the Court, *sua sponte*, dismisses Owens' gender discrimination claim

3

without prejudice, with the right to reassert her claim later.

C.  Age Discrimination in Employment Act

The ADEA prohibits an employer from discharging or otherwise discriminating against any individual with respect to "[her] compensation, terms, conditions, or privileges of employment, because of such individual's age..." 29 U.S.C. § 623(a)(1). A person seeking relief under the ADEA must first file an administrative charge with the EEOC. *Julian v. City of Houston*, 314 F.3d 721, 725 (5th Cir. 2002) (citing *Clark v. Resistoflex Co.*, 854 F.2d 762, 765 (5th Cir. 1988)).

The charge should be in writing and generally allege the discriminatory acts. 29 C.F.R. § 1626.6. The charge should contain items such as the names and addresses of the parties, and "pertinent dates, constituting the alleged unlawful employment practices..." 29 C.F.R. § 1626.8(a)(1-3). "A charge is sufficient when the Commission receives from the person making the charge either a written statement or information reduced to writing by the Commission that conforms to the requirements of § 1626.6." 29 C.F.R. § 1626.8(b).

The ADEA "does not require a claimant to obtain a right-to-sue letter before he sues in federal court." *Reed v. Northrup Grumman Ship Systems, Inc.*, Docket No. 04-1214, 2004 WL 2115596, at *2 (E.D. La. 2004) (citing 29 U.S.C. § 626(d)). However, a "civil action may [not] be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed" with the EEOC. *Julian*, 314 F.3d at 725 (citing 29 U.S.C. § 626(d)).

Albertsons argues that there is no evidence that Owens filed a charge of discrimination with the EEOC. Because Albertsons has not been given notice of the EEOC charge and because

4

Owens has not received notice that the EEOC has received the charge, Albertsons claims that no evidence exists that demonstrates she properly filed her charge of discrimination.

Owens has provided a copy of the charge of discrimination she sent to the EEOC via certified mail on August 31, 2004. Owens also attests that she received a "Domestic Return Receipt" via mail on September 3, 2004, evidencing the EEOC's receipt of her charge of discrimination. Finally, Owens attests that she sent another letter to the EEOC via certified mail on February 8, 2005, inquiring about the status of her charge, and that she received a "Domestic Return Receipt" via mail on February 11, 2005.

Title 29, United States Code, § 1626.8(b), states that a charge is sufficient when the "Commission *receives from the person making the charge either a written statement or information reduced to writing* by the Commission that conforms to the requirements." set forth in § 1626.6. (emphasis added). In the instant case, Owens has provided return receipts from the United States Postal Service that indicate the EEOC received Owens' charge of age discrimination. Owens has also provided the Court with the charge of discrimination she submitted to the EEOC, and the Court finds that it properly complies with the requirements of § 1626.6 of the ADEA. Under these circumstances, summary judgment would be inappropriate. *See Downes v. Volkswagen of America,* Inc., 41 F.3d 1132, 1138 (7th Cir. 1994) (finding summary judgment inappropriate because "inaction by the EEOC should not, for time limit purposes, bar an ADEA suit"); *cf. Adams v. Autozoners, Inc.*, Docket No. 98-2336, 1999 WL 744039, at *5 (E.D. La. Sept. 23, 1999) (allowing summary judgment where plaintiff has not provided any record or copy of any EEOC charge or notice alleging discharge on the basis of age). Albertsons' Partial Motion for Summary Judgment on this claim is DENIED.

### D. Louisiana Age Discrimination in Employment Act

Louisiana law states in pertinent part:

> A plaintiff who believes he or she has been discriminated against, and who intends to pursue court action *shall give the person who has allegedly discriminated written notice of this fact at least thirty days before initiating court action*, shall detail the alleged discrimination, and both parties shall make a good faith effort to resolve the dispute prior to initiating court action.

La. Rev. Stat. 23:303(C) (emphasis added).

Before initiating a lawsuit, a plaintiff must provide 30 days notice to his or her employer of the alleged discrimination. However, a plaintiff's state law claims should not be dismissed for failing to comply with the provisions of La. Rev. Stat. 23:303(C) where the plaintiff has properly filed a charge of discrimination with the EEOC. *See Lombardino v. Brentwood Health Mgmt. L.L.C.*, Docket No. 05-1358, 2005 WL 2600439, at *2 (W.D. La. Oct. 13, 2005) (holding that a state discrimination claim should be dismissed for failing to satisfy notice requirements unless plaintiff has filed a charge with the EEOC within the appropriate time periods); *McFarlain v. Carrier Sales & Distribution, L.L.P.*, Docket No. 04-1275, 2005 WL 1994514, at *3 (W.D. La. Aug. 16, 2005) (holding that "[f]ailure to satisfy the notice component, unless the plaintiff has filed a charge of discrimination with the EEOC, warrants dismissal...").

Because the Court has already determined that Owens' charge of age discrimination was properly filed with the EEOC, the Court concludes that Owens met the requirements of La. Rev. Stat. 23:303(C), and Owens' state law discrimination claim should not be dismissed. Albertsons' Partial Motion for Summary Judgment on this claim is also DENIED.

## III. CONCLUSION

For the foregoing reasons, Albertsons' Partial Motion for Summary Judgment [Doc. No. 15] is DENIED.

MONROE, LOUISIANA, this 5 day of December, 2005.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE